```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
GLENN JOHNSON,                                              :
                                                            :
                              Plaintiff,                    :      14-CV-8450 (JMF)
                                                            :
              -v-                                           :      MEMORANDUM OPINION
NEW YORK CITY DEPARTMENT OF CORRECTION,                     :          AND ORDER
et al.,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/25/2016

JESSE M. FURMAN, United States District Judge:

Plaintiff Glenn Johnson, proceeding *pro se* and *in forma pauperis*, brings claims pursuant to Title 42, United States Code, Section 1983, alleging primarily that corrections officials used excessive force against him in violation of his constitutional rights while he was held as a pre-trial detainee on Rikers Island.  Defendants — all corrections officials — now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.  (Docket No. 41).  For the reasons that follow, Defendants' motion is GRANTED and the Complaint is dismissed.

The following facts are essentially undisputed.[1]  On the evening of June 11, 2014, after Plaintiff returned from criminal court, Defendant Officer James asked to search his legal

---

[1] As required by Local Rule 56.1, Defendants filed a Statement of Undisputed Facts with citations to the record.  (*See* Defs.' Local Rule 56.1 Statement Undisputed Facts ("Defs.' Rule 56.1 Statement") (Docket No. 44)).  Pursuant to Local Rule 56.2, they also served Plaintiff with notice that, in opposing their motion, he could not rely only on his Complaint, but had to submit evidence to support his claims.  (Docket No. 45).  Plaintiff, however, did not file his own statement of undisputed facts; instead, he submitted only an unsworn, two-paragraph "affirmation."  (*See* Affirm. Opp'n Mot. Summ. J. ("Pl.'s Affirm.") (Docket No. 47)).  In light of the "special solicitude" owed to *pro se* litigants, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court has considered the evidence submitted by Plaintiff — namely, his medical records — despite his failure to submit a Local Rule 56.1 statement.  *See Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("[W]here a pro se plaintiff fails to submit a

...

paperwork, which was in a pillowcase on the floor.  (Defs.' Rule 56.1 Statement ¶¶ 3-4).  When James asked Plaintiff to pick up the paperwork, Plaintiff refused.  (*Id.* ¶ 5).  According to Plaintiff, James then "caught [an] attitude" and called Defendants Captain Johnson and Officer Suarez for backup.  (*Id.* ¶¶ 6-7).  Johnson and Suarez then handcuffed Plaintiff and escorted him down a flight of stairs from the housing area of the jail to the intake area.  (*Id.* ¶¶ 8-10).  When Plaintiff attempted to turn back to the housing area to retrieve his legal paperwork, Suarez and Johnson allegedly grabbed him (Suarez by his left leg and Johnson by his arm), causing Plaintiff to fall and injure his wrist and back.  (*Id.* ¶¶ 12-13; Pl.'s Affirm. 1).  Shortly thereafter, Johnson also pushed Plaintiff while escorting him down the stairs; that incident, however, did not cause Plaintiff to fall and did not cause any injury.  (Defs.' Rule 56.1 Statement ¶¶ 17-18).  Later that night or early the next morning, Plaintiff sought medical treatment, the record of which includes a note that he described the incident with the officers and "complain[ed] of low back pain and pain in his wrist."  (Compl. (Docket No. 1), Ex. 2, at 4).  With respect to "[p]hysical evidence of

---

proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions.").  Additionally, the Court has considered Plaintiff's affirmation "on the assumption that, if its allegations were sufficient to raise an issue of fact, Plaintiff would be given an opportunity to submit an affidavit in the proper form attesting to those allegations." *Shah v. Kuwait Airways Corp.*, 653 F. Supp. 2d 499, 506 (S.D.N.Y. 2009), *vacated on other grounds*, 387 F. App'x 13 (2d Cir. 2010) (summary order).  And, finally, the Court has independently reviewed Defendants' Local Rule 56.1 statement to ensure it is supported by admissible evidence in the record. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record . . . .  [E]ven [if] plaintiff's Rule 56.1 counter-statement failed to specifically controvert [defendant's Rule 56.1] assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed." (internal quotation marks omitted)); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting that a court "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file" a Rule 56.1 statement (internal quotation marks omitted)).

injury," the records state: "only redness around wrists and low back pain."  (*Id.*).  Medical records show that Plaintiff continued to seek medical treatment for numbness and pain in his hands and low back pain.  (*See generally* Compl., Exs. 1-2).

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Further, a court must give "special solicitude" to a *pro se* party.  *Tracy*, 623 F.3d at 101.  Thus, a court must liberally construe a *pro se* party's papers opposing summary judgment and interpret them to raise the strongest arguments that they suggest.  *See, e.g.*, *Clinton v. Oppenheimer & Co. Inc.*, 824 F. Supp. 2d 476, 481 (S.D.N.Y. 2011).  Such special solicitude is not unlimited, however, and does not "relieve" a plaintiff of his or her "duty to meet the requirements necessary to defeat a motion for summary judgment."  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted).  Nor is the "duty to liberally construe a plaintiff's [opposition] . . . the equivalent of a duty to re-write it."  *Nieblas-Love v. New York City Hous. Auth.*, — F. Supp. 3d —, No. 14-CV-5444 (JMF), 2016 WL 796845, at *3 (S.D.N.Y. Feb. 26, 2016) (internal quotation marks omitted).

Plaintiff's excessive force claims are analyzed under the Due Process Clause of the Fourteenth Amendment because he was a pretrial detainee at the time of the alleged incident.

*See, e.g.*, *Holland v. City of New York*, — F. Supp. 3d —, No. 14-CV-5517 (AT), 2016 WL 3636249, at *9 (S.D.N.Y. June 24, 2016). Until recently, the Fourteenth Amendment standard was more or less the same as the Eighth Amendment standard that applies to excessive force claims brought by convicted inmates, and required a plaintiff to show both that the use of force was "objectively sufficiently serious or harmful enough" to be actionable, *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999), and that the defendant acted with a "sufficiently culpable state of mind, shown by actions characterized by wantonness," *id.* at 50 (citations and internal quotation marks omitted). In *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), however, the Supreme Court eliminated the subjective prong of the test, holding that for a pretrial detainee to establish an excessive force claim, he "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. To be unreasonable, the conduct at issue — judged "from the perspective and with the knowledge of the defendant officer[s]," *id.* at 2474, and evaluated "in light of contemporary standards of decency," *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (internal quotation marks omitted) — must be "sufficiently serious . . . to reach constitutional dimensions," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (internal quotation marks omitted). In making this determination, a court may consider, among other factors, "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see also Musaid v. Manka*, No. 13-CV-7880 (PKC) (MHD), 2016 WL 540806, at *4 (S.D.N.Y. Feb. 9, 2016) (applying this analysis).

Applying those standards here, Plaintiff's excessive force claims fall short.  In essence, Plaintiff alleges two discrete incidents of excessive force: Johnson's and Suarez's actions in grabbing him, which caused him to fall and harmed his wrist and back; and Johnson's action in pushing him, which resulted in neither a fall nor an injury.  Judged from Defendants' perspective and with their knowledge in mind, however, the former was not an unreasonable response to Plaintiff's act of resistance in attempting to return to the housing area.  *Cf., e.g.*, *Cunningham v. Rodriguez*, No. 01-CV-1123 (DC), 2002 WL 31654960, at *5 (S.D.N.Y. Nov. 22, 2002) (holding that officers did not use excessive force where Plaintiff resisted court officers, who then pushed him to the ground and hit him in the back and face).  And while Johnson's act of pushing Plaintiff is less defensible in the abstract, the fact that it did not cause Plaintiff to fall or hurt himself — even though he was handcuffed and descending stairs at the time — makes plain that it involved minimal force and thus did not rise to a constitutional violation.  *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.").  Accordingly, Plaintiff's excessive force claims against Defendants Suarez and Johnson fail as a matter of law.  It follows that Plaintiff's other claims — for failure to intervene in the use of excessive force and supervisory liability — must also be dismissed.  *See, e.g.*, *Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014) (noting that where there is no underlying constitutional violation, there is no supervisory liability); *Foy v. City of N.Y.*, No. 03-CV-7318 (HB), 2004 WL 2033074, at *3 (S.D.N.Y. Sept. 10, 2004) ("[T]here can be no failure to intervene where there was no constitutional violation.").[2]

---

[2]   Substantially for the reasons set forth by Defendants (*see* Mem. Law Supp. Defs. Cox, James, Johnson, Suarez & Turnbull's Mot. Summ. J. (Docket No. 43) 8-9), the doctrine of qualified immunity would provide an alternative basis for the Court's dismissal of Plaintiff's

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED, and Plaintiff's Complaint is DISMISSED in its entirety. Further, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to terminate Docket No. 41, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: July 25, 2016  
New York, New York

JESSE M. FURMAN  
United States District Judge

---

excessive force claims, at least as to the incident involving Suarez and Johnson. Additionally, Plaintiff fails to allege (let alone prove) the personal involvement of Defendants James and Turnbull, so the claims against them would fail on that basis as well. (*See id.* at 9-10).